IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER H.,** | : | **CIVIL ACTION** |
| **JOHN H., and** | : | |
| **SUSZANNE H.** | : | |
| | : | |
| v. | : | |
| | : | |
| **THE SOUDERTON AREA SCHOOL** | : | |
| **DISTRICT** | : | **NO.  07-2770** |

## MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                                             **AUGUST 6, 2008**

Before the court is a motion for partial summary judgment on plaintiffs' attorney's fees resulting from a final administrative decision under the Individuals with Disabilities Educational Improvement Act, 20 U.S.C. § 1415(i)(3) (the "IDEIA").  For the reasons stated below, the court will grant the motion but reduce the requested award by twenty-five percent to recognize partial recovery of the relief sought.

I.   FACTUAL BACKGROUND

On February 2, 2006, plaintiffs requested a due process hearing to challenge the educational program that defendant, the Souderton Area School District ("SASD"), was providing to their son, Christopher H. ("Christopher"), a minor with a disability.  A due process hearing was held on April 12, 2006, at which the hearing officer addressed the following issues: (1) whether Christopher's parents were entitled to tuition reimbursement for private school

placement in 2006-2007[1]; (2) whether Christopher was entitled to compensatory education since kindergarten; and (3) whether Christopher's parents were entitled to reimbursement for private audiological and optometric evaluations.  In his June 5, 2006 written opinion, the hearing officer found Christopher had been denied a free appropriate public education in violation of the IDEIA. He did not award publicly-funded tuition at a private school, but did order SASD to replicate the private school curriculum.  The hearing officer awarded 660 hours of compensatory education to compensate Christopher for the previous two years of education; any award for the years prior was barred by the applicable statute of limitations.  He did not award reimbursement for the private evaluations.

The Pennsylvania Special Education Due Process Appeals Panel affirmed the hearing officer's opinion in all regards except the mandatory curriculum.  It found the hearing officer had exceeded his authority and instead directed the school district to formulate a new individualized education plan ("IEP") for Christopher.

**II.     Discussion**

The IDEIA authorizes a court to grant reasonable attorney's fees and costs to a prevailing party.  20 U.S.C. § 1415(i)(3).  Plaintiffs' counsel has represented, with appropriate documentation, that the costs and fees generated in the administrative action were $16,229.00 plus $4,512.50 to prepare the fee petition (a total of $20,741.50).  SASD does not dispute: (a) plaintiffs' counsel's rates are reasonable; (b) the time spent was reasonable; and (c) that plaintiffs

---

[1] Plaintiffs aver that before opening statements, they amended this claim to request alternative relief in the form of a detailed explanation from the public school on how it would provide an appropriate education.

are prevailing parties in part.

The sole contested issues on this motion are the degree of success plaintiffs achieved at the administrative proceeding and whether a corresponding reduction in fees is appropriate.  In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court held a court may reduce a claimed attorney's fee where the prevailing party achieved only limited success.  Comparing the damages awarded with the amount of damages requested is one measure of how successful a plaintiff is in his action and may be taken into account when awarding attorney's fees.  *UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 296 (3d Cir. 2007).  The focus of the analysis is on the "degree of success," not success defined in absolute numbers; proportionality is not necessitated.  *Id.*   Where successful and unsuccessful claims arise from a common core of facts, division of those claims for fee-award purposes may become impractical.  *Hensley,* 461 U.S. at 435.  However, the court may reduce an award for partial success even if plaintiffs' claims are intertwined.  *Id.* at 436.

The court is persuaded by SASD's argument that some reduction is warranted as plaintiffs sought compensatory education for seven years and were awarded relief for only two. Although the request for compensatory education going back to kindergarten may have had evidentiary value, requesting such broad relief hinders resolution, especially when admittedly experienced counsel must have known such a broad claim was arguably barred by the applicable statute of limitations.  Plaintiffs changed their position to assert relief in the alternative on the morning of the administrative hearing from a demand for private-school tuition to adoption by the defendant public school of an adequate alternative, but that does not bolster plaintiffs'

argument of success; success is judged by a comparison of the relief sought in the complaint with the final result.  Withdrawing or amending claims on the day of a hearing is not relevant except for the time spent on successful versus unsuccessful claims.

Plaintiffs argue the major goals of the proceeding – an improved IEP and an award of compensatory education – were accomplished.  After a review of the hearing officer's written opinion and the hearing transcript, the court accepts plaintiffs' counsel's representation that a very small portion of his time was focused on the years from 1997-2003.  The lack of success on the reimbursement for the private evaluations is *de minimis*.  The court finds that plaintiffs' were substantially successful on their claims.

In view of plaintiffs' substantial success, the court will award plaintiffs' counsel seventy-five percent of his requested fee, i.e. $15,556.00.

An appropriate order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER H., | : | CIVIL ACTION |
| JOHN H., and | : | |
| SUSZANNE H. | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUDERTON AREA | : | |
| SCHOOL DISTRICT | : | NO. 07-2770 |

### ORDER

AND NOW, this 6th day of August, 2008, after consideration of plaintiffs' motion for summary judgment, all responses thereto, and oral argument held on July 31, 2008, and for the reasons stated in the foregoing Memorandum, it is **ORDERED** that:

1. Plaintiffs' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** as to the request for prevailing party attorney fees generated at the first administrative proceeding; the amount of fees awarded is $15,556.00, seventy-five percent of the total requested by counsel. All other grounds for summary judgment are **DENIED WITHOUT PREJUDICE**.

2, This action is placed in **ADMINISTRATIVE SUSPENSE** pending the disposition of *Jonathan H. v. Souderton Area School District*, currently before the Court of Appeals, as that decision may have an impact on this action. The parties shall inform this court of the status of that matter by joint letter on the sooner of: (a) the date the Court of Appeals issues a decision; or (b) October 15, 2008.

                    /s/ Norma L. Shapiro
                            S.J.